IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KRISTINE PETERSON on behalf of the child, KENDRA PETERSON; MELISSA PETERSON, and SHERRY HORNE, all individually and as lawful heirs of and to the Estate of Clinton Eugene "Chavez" Peterson, and ESTATE OF CLINTON EUGENE "CHAVEZ" PETERSON, deceased,<br>　　　　Plaintiffs,<br><br>v.<br><br>CITY OF DUNCANVILLE, DALLAS COUNTY, TEXAS; ROBERT D. BROWN, JR., in his capacity as Chief of Police, and Officers JOHN DOE I, JOHN DOE II and JOHN DOE III, in their respective individual and official capacities,<br>　　　　Defendants. | § § § § § § § § § § § § § § § § § § | Cause No. 3:15-CV-00247-M |

## REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS BY THE CITY OF DUNCANVILLE, TEXAS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant The City of Duncanville, Texas, ("Defendant" or "City") who makes and files this Reply to Plaintiffs' Response to Defendant's Motion to Dismiss directed toward Plaintiffs' Original Complaint (Complaint). For same, Defendant would state the following:

1. <u>Punitive Damages</u>: Plaintiffs appear to concede[1] that punitive damages are not recoverable from the City in this matter; however, they argue that their punitive damage claim on some unidentified State law theory should be permitted to proceed in spite of the fact that they

---

[1] Plaintiffs' Response, p. 8.

do not identify any such theory.[2]  Under Texas law, governmental immunity for punitive damages on a tort claim such as that presented by Plaintiffs herein is not waived.[3]  Accordingly, Plaintiffs' claim for punitive damages fails to assert a claim for which relief can be granted and should be dismissed pursuant to F.R.C.P. 12(B)(6).

2.  <u>Immunity from State law claims</u>:  Furthermore, Plaintiffs' claim clearly arises from an intentional shooting of Plaintiffs' decedent by Duncanville Officers.[4]  Such an action arises from the intentional tort of assault (even though the actions of the officers were legally justified) for purposes of determining immunity under the Texas Tort Claims Act and therefore does not fall within the waiver of governmental immunity.[5]  Accordingly, Plaintiffs' tort claims under State law fail to assert a claim for which relief can be granted and should be dismissed pursuant to F.R.C.P. 12(B)(6).

3.  <u>No facts support allegation of municipal liability</u>:  Plaintiffs' §1983 claim against the City is based upon a theory of municipal liability.  The U.S. Supreme Court has long recognized that municipalities shall not be automatically liable for wrongful acts of their employees for claims under 42 USC §1983.[6]  Plaintiffs allege policies and practices of the City by claiming failure to train and supervise in the use of deadly force;[7] by claiming the City allowed its officers overly broad discretion;[8] and, by claiming the City permitted and encouraged

---

[2] *Id.*, p. 9.
[3] Texas Civil Practices & Remedies Code, § 101.024; *see also, Wicker v. City of Galveston,* 944 F.Supp 553 (1996).
[4] *See*, Complaint, pp. 6-8.
[5] Texas Civil Practices & Remedies Code, § 101.057, *See, City of Watauga v. Gordon*, 434 S.W.3d 586, 589-591 (Tex. 2014).
[6] *See,* argument and authority in paragraphs 3-7 of the City's Brief in Support of its Motion to Dismiss. Said paragraphs are adopted and incorporated herein per F.R.C.P. 10(c).
[7] Complaint, p. 12.
[8] *Id*.

improper uses of force.[9]  These conclusory, boilerplate allegations remain unsupported by specific factual pleading as required by our jurisprudence.[10]  Plaintiffs present no facts supporting the allegations of failure to train or supervise.  Plaintiffs present no facts in support of the allegation that overly broad discretion was permitted by the City.  Plaintiffs present no facts supporting the allegation of other instances of alleged improper use of force.  Plaintiffs present no facts regarding any alleged improper or inadequate supervision of officers.  Plaintiffs present no facts specifically describing training received or allegedly not received by officers.  Plaintiffs present no facts supporting any culpable knowledge or deliberate indifference by a city policymaker.  Plaintiffs present no facts identifying any particular City policy alleged to have caused the shooting.  Plaintiffs allege that Chief Brown is a policymaker for the City based upon unspecified ordinances and unspecified delegation of such authority.[11]  This conclusory claim of policymaking authority lacks any factual support whatsoever in the pleadings.  Thus, Plaintiffs' attempt to cast Chief Brown as a policymaker for municipal liability purposes misses the mark.  Accordingly, Plaintiffs' claims against the City under 42 USC §1983 fail to assert a claim for which relief can be granted and should be dismissed pursuant to F.R.C.P. 12(B)(6).

    4.    <u>Standard of Review</u>:    Plaintiffs' arguments regarding the standard of review are, at best, misplaced.  Plaintiffs ignore, and would have this Court ignore, the clear language of the Supreme Court in this regard.  "<u>Factual</u> allegations must be enough to raise a right to relief above the speculative level..."[12]  The <u>factual</u> pleading of a Plaintiff must establish a "facial

---

[9] *Id*.
[10] *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007), *see also,* argument and authorities in Defendant's Brief in Support of Motion to Dismiss, para. 1, 2.
[11] *Id*., para. 86, 88.
[12] *Bell Atlantic Corp. v. Twombly, supra,* 550 U.S. at 555. (emphasis added).

plausibility" that a Defendant engaged in unlawful conduct and is liable to the Plaintiff.[13] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[14] Further, the Fifth Circuit has repeatedly addressed the issue. To avoid dismissal, plaintiffs must plead <u>specific facts</u>, rather than mere conclusory allegations, which would establish a right to recover.[15]  "[L]egal conclusions masquerading as <u>factual allegations</u>" are not adequate to prevent dismissal.[16] "The complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn" under the relevant legal theory.[17]  "The court is not required to 'conjure up <u>unplead allegations </u>or construe elaborately arcane scripts' to save [the] complaint."[18]

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that Plaintiffs' claims be dismissed pursuant to F.R.C.P. 12(b)(6) and that Defendant go hence without day and recover costs, including reasonable attorney's fees, in this behalf expended. Defendant further prays for such other and further relief, both general and special, to which it may be justly entitled.

                                                Respectfully submitted,

                                                By:   **/s/ Joe C. Tooley**
                                                        State Bar No. 20129750
                                               510 Turtle Cove, Suite 112
                                               Rockwall, Texas 75087

---

[13]*Ashcroft v. Iqbal,* 556 U.S. 662,, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

[14] *Twombly*, *supra,* 550 U.S. at 555. (emphasis added).

[15]*Guiday v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

[16]*Fernandez-Montez v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993) (emphasis added).

[17]*Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quoting 3 C. Wright & A. Miller, Fed.Prac. & Proc.: Civil 2d §1216 at 156-59).

[18]*Id.* (quoting *Gooley v. Mobile Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988) (emphasis added); *See also, Kjellvander v. Citicorp.*, 156 F.R.D. 138, 141 (S.D. Tex. 1994).
.

(972) 722-1058  
(972) 722-1070 (Facsimile)  
Joe@TooleyLaw.com  
ATTORNEY FOR DEFENDANTS  
THE CITY OF DUNCANVILLE, TEXAS  
And ROBERT D. BROWN, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure, as modified by this Court's ECF Orders, on this 18th day of May, 2015.

By **/s/ Joe C. Tooley**