IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KRISTINE PETERSON on behalf of the child, KENDRA PETERSON; MELISSA PETERSON, and SHERRY HORNE, all individually and as lawful heirs of and to the Estate of Clinton Eugene "Chavez" Peterson, and ESTATE OF CLINTON EUGENE "CHAVEZ" PETERSON, deceased,<br>        Plaintiffs,<br><br>v.<br><br>CITY OF DUNCANVILLE, DALLAS COUNTY, TEXAS; ROBERT D. BROWN, JR., in his capacity as Chief of Police, and Officers JOHN DOE I, JOHN DOE II and JOHN DOE III, in their respective individual and official capacities,<br>        Defendants. | §§§§§§§§§§§§§§§§§§§ | Cause No. 3:15-CV-00247-M |

## REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS BY DEFENDANT BROWN, JR.

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Robert D. Brown, Jr. ("Defendant" or "Chief Brown") who makes and files this Reply to Plaintiffs' Response to Defendant's Motion to Dismiss directed toward Plaintiffs' Original Complaint (Complaint). For same, Defendant would state the following:

1. <u>Official capacity issue</u>:   Plaintiffs appear to concede[1] that the official capacity claims against Defendant are redundant of those asserted against the City. However, Plaintiffs

---

[1] Plaintiff's Response, p. 7.

make reference to "other tenable claims"[2] against Defendant which are nowhere identified and do not appear in the Complaint.  Plaintiffs further purport to seek permission to amend their Complaint against Defendant apparently believing such unspecified amendment might cure the defect.[3]  Plaintiff's response fails to indicate how such amendment might cure this defect and fails to identify any claims against Defendant Brown in his official capacity which would avoid this redundancy.   In short, Plaintiffs sue Defendant Brown in his official capacity as Chief of Police for the City of Duncanville – also a named defendant herein.   The applicable law is clearly established that such official capacity suits are redundant of the suit against the City and should be dismissed.[4]

    2.    <u>No facts to support supervisory liability theory</u>:   Plaintiff's Complaint lacks adequate factual support for the allegation of supervisory liability by Defendant.[5]  Plaintiffs' Complaint lacks any specific factual allegations which would support a claim based upon a failure to supervise theory against Chief Brown, the City or anyone.

    3.    <u>No facts to support allegations of policy, practice or custom</u>:  Plaintiff's Complaint lacks adequate factual support for the allegation of the existence of a Constitutionally defective policy attributable to Defendant.[6]   Plaintiffs' allegations of policy or custom are generic and unsupported by specific factual allegations.  Plaintiffs identify no particular policy and provide no factual allegations in support of any custom or practice claim.  Plaintiffs present no factual allegations attributing any policy, practice or custom (identified or not) to Chief Brown.

---

[2] *Id*.
[3] *Id*.  To the extent Plaintiffs are attempting to move for leave to file an amended complaint, such motion is not properly before the Court due to a lack of compliance with Local Rules 7.1.b and 15.1.
[4] *See*, Brief in Support of Defendant's Motion to Dismiss, pp. 5-6.
[5] *Id*., pp. 3-4.
[6] *Id*., p. 4.

4.      <u>Standard of Review argument</u>:  Plaintiffs rest much of their responsive argument upon a misguided application of the standard of review applicable to Defendant's Motion.[7] Plaintiffs ignore, and would have this Court ignore, the clear language of the Supreme Court in this regard.  "<u>Factual</u> allegations must be enough to raise a right to relief above the speculative level..."[8]   The <u>factual</u> pleading of a Plaintiff must establish a "facial plausibility" that a Defendant engaged in unlawful conduct and is liable to the Plaintiff.[9]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[10]  Further, the Fifth Circuit has repeatedly addressed the issue.  To avoid dismissal, plaintiffs must plead specific <u>facts</u>, rather than mere conclusory allegations, which would establish a right to recover.[11]  "[L]egal conclusions masquerading as <u>factual</u> allegations" are not adequate to prevent dismissal.[12] "The complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn" under the relevant legal theory.[13]   "The court is not required to 'conjure up <u>unplead allegations</u> or construe elaborately arcane scripts' to save [the] complaint."[14]

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that Plaintiffs' claims be dismissed pursuant to F.R.C.P. 12(b)(6) and that Defendant go hence without day and recover costs, including reasonable attorney's fees, in this behalf expended.

---

[7] Plaintiffs' Response, pp. 3, 4 & 6.
[8] *Bell Atlantic Corp. v. Twombly,*  550 U.S. 544, 555, 127 S.Ct. 1955 (2007)(emphasis added).
[9] *Ashcroft v. Iqbal,* 556 U.S. 662,, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).
[10] *Twombly*, *supra,* (emphasis added).
[11] *Guiday v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (emphasis added).
[12] *Fernandez-Montez v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993) (emphasis added).
[13] *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quoting 3 C. Wright & A. Miller, Fed.Prac. & Proc.: Civil 2d §1216 at 156-59).
[14] *Id.* (quoting *Gooley v. Mobile Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988) (emphasis added); *See also, Kjellvander v. Citicorp.*, 156 F.R.D. 138, 141 (S.D. Tex. 1994).

Defendant further prays for such other and further relief, both general and special, to which he may be justly entitled.

>Respectfully submitted,
>
>By:   **/s/ Joe C. Tooley**
>         State Bar No. 20129750
>510 Turtle Cove, Suite 112
>Rockwall, Texas 75087
>(972) 722-1058
>(972) 722-1070 (Facsimile)
>Joe@TooleyLaw.com
>
>ATTORNEY FOR DEFENDANTS
>CITY OF DUNCANVILLE AND
>ROBERT D. BROWN, JR.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure, as modified by this Court's ECF Orders, on this 18th day of May, 2015.

>By:   **/s/ Joe C. Tooley**