IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KRISTINE PETERSON on behalf of the child, KENDRA PETERSON; MELISSA PETERSON, and SHERRY HORNE, all individually and as lawful heirs of and to the Estate of Clinton Eugene "Chavez" Peterson, and ESTATE OF CLINTON EUGENE "CHAVEZ" PETERSON, deceased, Plaintiffs, | § § § § § § § § § | |
| v. | § § | Cause No. 3:15-CV-00247-M |
| CITY OF DUNCANVILLE, DALLAS COUNTY, TEXAS; ROBERT D. BROWN, JR., in his capacity as Chief of Police, and Officers JOHN DOE I, JOHN DOE II and JOHN DOE III, in their respective individual and official capacities, Defendants. | § § § § § § § | |

## JOINT REPORT

Pursuant to the Court's Order of April 29th, 2015, Plaintiffs and Defendants The City of Duncanville, Texas, and Robert D. Brown, Jr. submit this Status Report to the Court and for same would respectfully submit the following:

Pursuant to the Court's Order, counsel for the parties conferred by email on several dates prior to June 03rd, 2015.

1.  Brief statement of claims and defenses:

Plaintiffs say:

The Decedent, Mr. Clinton Eugene "Chavez" Peterson, was a twenty-eight (28) year old gentleman who was shot and killed without provocation nor truly *any* justifiable cause by various police officers employed by the City of Duncanville, Dallas County, Texas.   Mr. Peterson's

violent injury and immediately subsequent painful death occurred on or about 8:00 AM on Monday, October 28, 2013, in a driveway near his sister's home in the 400 block of Kelly Street, Duncanville, Texas.  Prior to the officers' interaction with Mr. Peterson, they had been fully informed by an earlier call from Mr. Peterson's family member(s) regarding Decedent's nonviolent demeanor as well as his possible possession of a non-functioning or toy weapon. Without any provocation whatsoever, the responding officers made contact with Mr. Peterson, pursued him despite the wholesale absence of any possible threat of violence or physical harm to himself or others, deployed a TASER at close range into the withdrawing personage of Decedent, discharged at least two (2) fatal gunshots into the fleeing victim, neglected to call for timely emergency medical care and treatment for Decedent's fatal injuries, and refused to allow Mr. Peterson's nearby family to even approach as Decedent lay unattended, bleeding out, and dying in a Duncanville, Texas driveway.  Both of the gunshots were fired while Decedent Peterson was attempting to disengage and flee from the encounter.

The Decedent's estate and heirs have asserted a claim that the responding officers used excessive force against Peterson in violation of Peterson's rights under the Fourth Amendment. The Plaintiffs have also asserted a claim under 42 U.S.C. 1983 that the losses alleged arose, in whole or in part, from the grossly negligent and consciously indifferent conduct of the City of Duncanville in formally or informally adopting, maintaining, and implementing official customs, practices, and policies which resulted in the violation of constitutional rights of individuals like Peterson.  Finally, Plaintiffs have asserted claims pursuant to Tex. Civ. Prac. & Rem. Code Sec. 101.021 (the Texas Tort Claims Act) as well as claims that the named Defendants are liable for punitive or exemplary damages in the premises.

Defendants say:    Plaintiffs' decedent was confronted by police officers of the

City of Duncanville as they responded to a disturbance call in the City.   Decedent pointed what appeared to be a handgun (a realistic appearing pellet pistol) at officers causing one of the officers to fire his weapon toward decedent.   An arriving officer heard the shot and saw decedent pointing what appeared to be a pistol toward the other officers.   The arriving officer then fired one shot killing decedent.   The use of force was reasonable and necessary; thus, no deprivation of decedent's Constitutional rights occurred and there is no basis for imposing liability upon Defendants herein.     The claim against Chief Brown should be dismissed as such claim is redundant of the claim against the City herein.   To the extent Plaintiffs seek to assert State law claims against Defendants the City or Brown or seek to recover exemplary damages from Defendants the City or Brown, such claims are barred by governmental immunity.

2.     Proposed time limit for motions for leave to join additional parties:

July 30th, 2015.

3.     Proposed time limit for pleadings amendment:

July 30th, 2015.

4.     Proposed time limits for Motions:

Summary Judgment Motions………………April 18th, 2016;

Any other dispositive Motions…………….. April 18th, 2016;

*Daubert* Motions……………………………within 30 days after designation of an expert to which the Motion is directed;

Motions regarding discovery disputes……… April 18th, 2016;

Pre-Trial Motions……………………………30 days prior to trial setting or in accordance with the Court's Trial setting Order;

Other Motions not specified above…………. April 18th, 2016;

5-6.    Proposed deadline for expert designation:

Deadline for designation and Rule 26(a)(2) disclosure by Party with the burden of proof on an issue…………………………………………………Jan. 11th, 2016;

Deadline for designation and Rule 26(a)(2) disclosure by Party without the burden of proof on an issue……………………………………………….Feb. 12th, 2016;

7.    (See #4 above).

8.    At this time, the Parties do not propose to conduct phased discovery and propose to conduct discovery under the Federal Rules of Civil Procedure.   The Parties propose to complete discovery by March, 25th, 2016.

9.    At this time, the Parties propose no changes or limitations in discovery.

10.    To the extent discoverable material exists in electronic form, the Parties propose to produce said material in the existing format and contemplate that any difficulties in reading such electronic material will be resolved by cooperation and agreement between counsel.   At this time, the Parties are unaware of any disputes regarding the discovery or disclosure of ESI.

11.    Counsel for the Parties contemplate following applicable law concerning privileged and trial preparation material.   The Parties have no proposals in this regard for inclusion in a Court Order at this time.

12.    The Parties propose a trial setting at the Court's first opportunity after July 05th, 2016.   At this time, the Parties estimate four days for trial, including jury selection.   All Parties have requested a jury.

13.    Counsel for the Parties contemplate conducting appropriate settlement negotiations on an ongoing basis as the litigation proceeds.

14.    The Parties contemplate exchanging initial disclosures pursuant to F.R.C.P. 26(a)(1) on or before June 12th, 2015.

15.    At this time, the Parties do not unanimously consent to trial before the Magistrate.

16.    The Parties contemplate conducting mediation after appropriate discovery has occurred and propose a deadline of Jan. 29th, 2016, for such mediation.   The Parties contemplate submitting a proposed agreed mediator to the Court for approval by August 19th, 2015.

17.    At this time, the Parties have no other proposals to submit to the Court regarding the preparation of this case for trial.

18.     At this time, the Parties do not request a conference with the Court.

19.     At this time, the Parties have no other matters to submit to the Court.

Respectfully Submitted,

**LAW OFFICE OF J. CHRISTOPHER ALEXANDER, SR., LLC**
Attorney and Counselor at Law

 **/s/ J. CHRISTOPHER ALEXANDER, SR., ESQ.(BY PERMISSION)**
J. Christopher Alexander, Sr., Esq.
Louisiana Bar Roll No.: 26591
3751 Government Street, Suite "A"
Baton Rouge, Louisiana 70806
225-761-9456 (telephone)
225-761-7899 (facsimile)
chris@jcalaw.us

**COHEN & ZWERNER, LLP**
Attorneys at Law

Mr. David F. Zwerner, Esq.
Texas Bar Roll No.: 22296800
211 North Record Street
Suite 450, LB 15
Dallas, Texas 75202
214-748-0681 (telephone)
214-742-7313 (facsimile)
cohzwerlaw@sbcglobal.net

**ALEXANDER & ALEXANDER, P.C.**
Attorneys and Counselors at Law

Brian Bienvenu Alexander, Esq.
Mississippi Bar Roll No.: 99365
220 Bookter Street

Bay St Louis, Mississippi 39520
228-467-0048 (telephone)
228-467-3118 (facsimile)
brianalexander@bellsouth.net

ATTORNEYS FOR PLAINTIFFS

By:  **/s/ Joe C. Tooley**
        State Bar No. 20129750
510 Turtle Cove, Suite 112
Rockwall, Texas 75087
(972) 722-1058
(972) 722-1070 (Facsimile)

Joe@Tooleylaw.com

ATTORNEY FOR DEFENDANTS THE CITY
OF DUNCANVILLE, TEXAS and ROBERT D.
BROWN, JR.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure, as modified by this Court's ECF Orders, on this 03rd day of June, 2015.

By:  **/s/ Joe C. Tooley**