IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KRISTINE PETERSON, et al., § | |
| Plaintiffs, § | |
| v. § | No. 3:15-CV-247-M (BF) |
| CITY OF DUNCANVILLE, et al., § | |
| Defendants. § | |

## ORDER

The District Court referred this case to the United States Magistrate Judge for Pretrial Management. *See* Standing Order of Reference [D.E. 21]. Before the Court is Defendants' Motion for Sanctions [D.E. 26]. Upon consideration, the motion [D.E. 26] is GRANTED in part.

On October 27, 2015, Defendants filed their Motion for Sanctions seeking dismissal of Plaintiffs' claims for want of prosecution, and $3,075.00 in attorneys' fees and cost, because Plaintiffs: (1) failed to timely make initial disclosures in violation of the District Court's Order [D.E. 15]; (2) responded to requests for production two days past the date ordered by the Court [D.E. 25]; (3) failed to respond to Defendants' Motion to Compel [D.E. 22] which sought to compel responses to requests for production served on June 4, 2015 and initial disclosures which were due on June 12, 2015; and (4) failed to respond when defense counsel attempted to confer on two separate dates regarding the instant sanctions motion. *See* Mot. for Sanctions [D.E. 26 at 2-3]. On October 28, 2015, Defendants filed a supplement to their Motion for Sanctions informing the Court that Plaintiffs provided their initial disclosures that morning. *See* Supplement [D.E. 27 at 1]. On October 29, 2015, the Court ordered Plaintiffs to file an expedited response to Defendants' Motion for Sanctions by November 6, 2015. *See* Order [D.E. 28].

Plaintiffs filed their response on November 6, 2015 arguing that their "relatively brief" delays do not warrant the sanctions Defendants seek. *See* Resp. [D.E. 29 at 4-5]. Here, the District Court's

Order required the initial disclosures to be made by June 12, 2015, but Plaintiffs provided them on October 28, 2015, four months and sixteen days past the date the District Court ordered. *See* Order [D.E. at 15 at 3]. Further, on September 29, 2015, the Court ordered Plaintiffs to provide the initial disclosures and responses to the requests for production by October 13, 2015, because Plaintiffs never filed a response to Defendants' July 22, 2015 Motion to Compel seeking those responses and disclosures. *See* Order [D.E. 25]. Plaintiffs' response to the Motion to Compel was due on August 12, 2015, but it was never filed. Plaintiffs do not provide an explanation as to why they failed to respond to Defendants' Motion to Compel or to defense counsel's e-mails attempting to confer regarding their sanctions motion, but Plaintiffs contend that they delayed in providing Defendants the requested disclosures and responses, because they wanted to provide comprehensive responses. *See* Resp. [D.E. 29 at 5]. However, Federal Rule of Civil Procedure 26(a)(1)(E) requires Plaintiffs to make initial disclosures based on information reasonably available to them at the time. *See* FED. R. CIV. P. 26(a)(1)(E) ("A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.").

In consideration of Plaintiffs (1) providing their initial disclosures four months and sixteen days past the date ordered by the District Court; (2) never filing a response to Defendants' Motion to Compel; (3) failing to respond when defense counsel attempted to confer on multiple dates regarding their sanctions motion; and (4) providing responses to requests for production two days past the date ordered by the Court, the Court finds that sanctions in the form of $3,075.00 in attorneys' fees and costs are proper. *See* FED. R. CIV. P. 37(b)(2)(A)&(C) ("If a party . . . fails to obey

an order to provide or permit discovery . . . . the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."). Plaintiffs and their counsel are ordered to pay Defendants $3,075.00 in attorneys' fees and costs within two weeks of the entry of this Order. Plaintiffs are also informed that they must seek leave of Court to comply with Court orders out of time should they find that they cannot comply on the dates ordered by the Court. Plaintiffs are cautioned that any further failure to comply with Court orders or cooperate with opposing counsel in this case may result in additional sanctions, including a recommendation to the District Court to dismiss this case. *See* FED. R. CIV. P. 37(b)(2)(A)(v) ("If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include the following . . . dismissing the action or proceeding in whole or in part . . . .").

**SO ORDERED**, November 12, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE