FILED
MAR 16 2017
CLERK, U.S. DISTRICT COURT
By _____ M.T.
Deputy

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| KRISTINE PETERSON, et al., | § |
|---|---|
| Plaintiffs, | § |
| v. | § No. 3:15-CV-247-M (BF) |
| TOM DAVIES, | § |
| Defendant. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Defendant's (Davies) 12(b)(6) Motion to Dismiss [ECF No. 93]. For the following reasons, the undersigned respectfully recommends that the District Court **GRANT** the Motion to Dismiss [ECF No. 93].

**BACKGROUND**

Melissa Peterson, Sherry Horne, the estate of Clinton Peterson, and Kristine Peterson, on behalf of minor child, Kendra Peterson (collectively, "Plaintiffs"), bring this excessive force action under Title 42, United States Code, Section 1983 ("Section 1983"). Am. Compl. 2, ECF No. 36. Plaintiffs also assert that the City of Duncanville violated Texas law, because its officers negligently caused the wrongful death of Clinton Peterson through the use of tangible personal property. Am. Compl. 14, ECF No. 36; TEX. CIV. PRAC. & REM. CODE § 101.021 *et seq.* Plaintiffs state in their Amended Complaint that, at approximately 8:00 a.m. on October 28, 2013, Clinton Peterson attempted to visit Debra, the roommate of his sister, Melissa Peterson, but he was advised that Debra did not wish to speak with him. Am. Compl. 6, ECF No. 36. However, Plaintiffs state that Melissa Peterson was not able to convince her brother to leave the premises. Am. Compl. 6, ECF No. 36. Plaintiffs state that Debra called 911 to report that Clinton Peterson refused to leave. Am. Compl.

6, ECF No. 36. Plaintiffs state that the City of Duncanville's police officers arrived on the scene soon thereafter and pursued Clinton Peterson on foot. Am. Compl. 7, ECF No. 36. Plaintiffs state that, while Clinton Peterson was merely attempting to get away, the police officers, initially unsuccessfully attempted to restrain him with a Taser, and then, fired two rounds, one of which hit Clinton Peterson in the head and fatally wounded him. Am. Compl. 7-8, ECF No. 36.

The City of Duncanville's police officer Tom Davies ("Defendant") filed his Answer [ECF No. 97] and Motion to Dismiss [ECF No. 93] on November 14, 2016. In his Answer, Defendant states that Clinton Peterson repeatedly pointed a black and silver handgun at the police officers. Answer 6, ECF No. 97. Defendant states that, although the gun was later determined to be a toy, it appeared real to the officers at the time of the incident and caused them to fear for their safety. Answer 6-7, ECF No. 97. Defendant states in his Motion to Dismiss that, although the Court entered an order allowing Plaintiffs to file an amended complaint to address issues raised in Robert D. Brown, Jr.'s motion to dismiss, Plaintiffs' subsequently filed Amended Complaint did not address those deficiencies, but instead identified for the first time the John Doe defendants. Mot. to Dismiss 3, ECF No. 93; Am. Compl. 5, ECF No. 36. Defendant also points out that Plaintiffs' Amended Complaint was filed after the expiration of the two years limitation period applicable to Plaintiffs' claims. Mot. to Dismiss 3, ECF No. 93. Defendant further points out that he was served on October 27, 2016, three years after the October 28, 2013 shooting from which this case arose. Mot. to Dismiss 3, ECF No. 93. Defendant argues in his Motion to Dismiss the following: (1) Plaintiff Melissa Peterson lacks standing to assert her claims; (2) Plaintiffs' claims are barred by the two years statute of limitations under Section 16.003 of the Texas Civil Practices and Remedies Code; (3) Plaintiffs' claims are barred by qualified immunity; (4) Plaintiffs' official capacity claims against

2

the individual defendants are redundant of Plaintiffs' claim against the City of Duncanville and should be dismissed; and (5) Plaintiffs' state law claims are barred by Section 101.106 of the Texas Civil Practices and Remedies Code. Mot. to Dismiss 3-4, ECF No. 93. Plaintiffs filed their opposition on December 6, 2016. Opp'n, ECF No. 98. Defendant filed his reply on December 12, 2016. Reply, ECF No. 100.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), the Court evaluates pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). In order to survive the motion to dismiss, Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing FED. R. CIV. P. 8(a)(2)). Moreover, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although "the pleading standard Rule 8

announces does not require 'detailed factual allegations,'" it demands more than mere "'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "'[A] formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## ANALYSIS

### Statute of Limitations

Defendant argues that Plaintiffs' claims against him are precluded by the two years statute of limitations under Section 16.003 of the Texas Civil Practices and Remedies Code. Def.'s Br. 3, ECF No. 94. Defendant points out that, while Plaintiffs sued the "John Doe" defendants within the two years limitations period, Plaintiffs identified Defendant for the first time in the Amended Complaint that was filed months after the expiration of the limitations period. Def.'s Br. 3, ECF No. 94. Defendant also states that he first received a copy of Plaintiffs' Amended Complaint approximately a year after the limitations period expired. Def.'s Br. 3-4, ECF No. 94. Defendant argues that Plaintiffs failed to sue the defendants within the applicable limitations period or exercise due diligence in securing service of process to toll the statute of limitations. Def.'s Br. 4-5, ECF No. 94. Defendant also argues that in the Fifth Circuit, naming doe defendants does not toll the limitations period as to the defendants who are later identified and substituted. Def.'s Br. 4, ECF No. 94. Therefore, Defendant argues that Plaintiffs' claims against him are time barred. Def.'s Br. 5, ECF No. 94.

In their opposition, Plaintiffs argue that Defendant and his wife frustrated the efforts of the process server by being uncooperative, evasive, and rude, which caused Plaintiffs to incur additional time and efforts to secure service. Opp'n 6, ECF No. 98. In addition, Plaintiffs argue that the Duncanville Police Department made no effort to provide a current address or any information as

to Defendant's whereabouts. Opp'n 6, ECF No. 98. Furthermore, Plaintiffs argue that they made every effort at the beginning of this case to determine the identities of the individual defendant officers, but that the defendants did everything in their power to avoid disclosing the officers' identities. Opp'n 6, ECF No. 98. Plaintiffs further contend that defense counsel refused to provide this information, and Plaintiff's counsel tried to obtain the information from social media, the Dallas County District Attorney's Office, the City Manager of the City of Duncanville, and members of the community. Opp'n 6, ECF No. 98. Plaintiffs contend that the identities of the officers involved were never released to the public. Opp'n 6, ECF No. 98.

Defendant argues in his reply that Plaintiffs do not explain as to when they supposedly made considerable efforts to name him as a defendant. Reply 1-2, ECF No. 100. Defendant also argues that Plaintiffs' claim that the identities of the officers were refused is without merit, because the names of all the officers involved were provided to Plaintiffs in disclosures and interrogatory answers prior to the expiration of the limitations period. Reply 4, ECF No. 100. Defendant further argues that Plaintiffs apparently did not review or ignored local media reports that contained the information that Plaintiffs claim to have lacked. Reply 4, ECF No. 100. Defendant argues that Plaintiffs' response fails to overcome the clear Fifth Circuit case law on the limitations issue. Reply 2, ECF No. 100. Defendant argues that the cases relied upon by Plaintiffs in their response state that the limitations period begins to run when a plaintiff becomes aware that he suffered an injury or has sufficient information to know that he has been injured. Reply 2-3, ECF No. 100. Defendant further argues that Plaintiffs failed to plead due diligence and could not do so under the circumstance. Reply 4, ECF No. 100.

"The statute of limitations on [a] Section . . . 1983 claim is two years." *Gibson v. City of*

*Garland*, No. 3:16-CV-157-L (BN), 2016 WL 5819821, at *7 (N.D. Tex. Sept. 1, 2016) (citing *Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 250 (5th Cir. 1980)); *see also Shelby v. City of El Paso*, 577 F. App'x 327, 331 (5th Cir. 2014) ("Our cases have consistently held that the statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state. . . . In Texas, the general statute of limitations for personal injury actions is two years." (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993); *Hernandez v. Tisdale*, 548 F. App'x 198, 199-200 (5th Cir. 2013); *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989); *Price*, 431 F.3d at 892; TEX. CIV. PRAC. & REM. CODE § 16.003(a)) (internal quotation marks and alterations omitted)). "The federal standard used to determine the accrual of a section 1983 cause of action is that the cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Longoria v. City of Bay City*, 779 F.2d 1136, 1138 (5th Cir. 1986) (citing *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980)).

"The claims against [subsequently] named defendants are [] time-barred unless they 'relate back' to the original filing of the complaint per Federal Rule of Civil Procedure 15(c)." *Whitt v. Stephens Cty.*, 529 F.3d 278, 282-83 (5th Cir. 2008). "[The Fifth Circuit] ha[s] held, however that an amendment to substitute a named party for a John Doe does not relate back under rule 15(c)." *Id.* (citing *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998)). *See also Waters v. City of Hearne*, 629 F. App'x 606, 609 (5th Cir. 2015) ("[E]ven if Waters *could* identify and serve Jane Doe with an amended complaint, it would not be enough to overcome the limitations period: the claim against Jane Doe is time-barred by our Circuit's view of Federal Rule of Civil Procedure 15(c). . . . Because

6

Waters did not properly identify officer Jane Doe and name her as a defendant within the limitations period, the district court properly barred Waters's § 1983 claim against Jane Doe." (citing *Jacobsen*, 133 F.3d at 319)). Therefore, in cases "where subsequently-identified defendants are substituted for John Doe defendants-or where new defendants are first named-after the limitations period has run, the Court generally must find that the limitations period should be equitably tolled." *Rogers v. Buchanan*, No. 3:12-CV-2458-M (BN), 2015 WL 5772203, at *2 (N.D. Tex. Aug. 4, 2015).

"Because the Texas statute of limitations is borrowed in Section 1983 cases, 'Texas's equitable tolling principles control this litigation.'" *Id.* (quoting *Myers v. Nash*, 464 F. App'x 348, 349 (5th Cir. 2012)). "Texas courts sparingly apply equitable tolling and look, *inter alia,* to whether a plaintiff diligently pursued his rights; litigants may not use the doctrine to avoid the consequences of their own negligence. Federal courts also apply the doctrine sparingly." *Id.* (citing *Myers*, 464 F. App'x at 349). "[E]quitable tolling is available where a plaintiff has actively pursued judicial remedies but filed a defective pleading, as long as the plaintiff has exercised due diligence. . . . [T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Id.* at *3 (internal quotation marks and citations omitted). "When a Section 1983 plaintiff knows or has reason to know of an injury and the cause of that injury-such as arrest by police officers that he believes to be wrongful or use of force by prison guards that he believes to be excessive-the limitations period begins, and he acquires a duty to fully investigate his claims." *Id.* "Simply because a plaintiff later learns-in pursuing his investigation, for example-that a particular defendant also may be liable for his harm does not restart the limitations period as to that defendant." *Id.*

As argued by Defendant, there is no basis for tolling the limitations period, because Plaintiffs had or with due diligence could have had the information necessary to serve Defendant before the

statute of limitations expired. *See Longoria,* 779 F.2d at 1138 ("The fact that the Longorias took all of this action after the first flood and before the second clearly establishes that they knew of their injury, and were on notice of its cause, at the occurrence of the first flood. . . . At that point, the limitations period began to run and the Longorias acquired a duty to exercise reasonable diligence to discover their cause of action. . . . The argument that the statutory period is tolled until the plaintiff learns that the defendant's conduct may have been wrongful finds no support in the relevant case law." (citing *Timberlake v. A.H. Robins Co., Inc.*, 727 F.2d 1363, 1367 (5th Cir. 1984))). As previously discussed, "litigants may not use the doctrine to avoid the consequences of their own negligence." *Rogers*, 2015 WL 5772203, at *2. Therefore, Plaintiffs' claims against Defendant should be dismissed on this ground.

## **Qualified Immunity**

Defendant argues that he is entitled to qualified immunity for Plaintiffs' claims against him in his individual capacity. Defs.' Br. 5, ECF No. 94. "A public official is entitled to qualified immunity unless the plaintiff demonstrates that (1) the defendant violated the plaintiff's constitutional rights and (2) the defendant's actions were objectively unreasonable in light of clearly established law at the time of the violation." *Waganfeald v. Gusman*, 674 F.3d 475, 483 (5th Cir. 2012). Therefore, in deciding "whether a defendant is entitled to qualified immunity, the court begins with the threshold question whether, taken in the light most favorable to plaintiff as the party asserting the injury, the facts he has alleged show that the defendant's conduct violated a constitutional right." *Escobar v. Montee*, No. 3:15-CV-1962-D, 2016 WL 397087, at *3 (N.D. Tex. Feb. 2, 2016) (citing *Ellis v. Crawford*, No. 3:03-CV-2416-D, 2005 WL 525406, at *3 (N.D. Tex. Mar. 3, 2005); *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). "If no constitutional right would have

been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Id.* (citing *Saucier*, 533 U.S. at 201).

"'[I]f a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established.'" *Id.* (quoting *Saucier*, 533 U.S. at 201). "A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (quoting *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012)). "Put simply, qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Id.* (quoting *Malley v. Briggs,* 475 U.S. 335, 341 (1986)). "'Even if the government official's conduct violates a clearly established right, the official is nonetheless entitled to qualified immunity if his conduct was objectively reasonable.'" *Id.* (quoting *Wallace v. Cty. of Comal*, 400 F.3d 284, 289 (5th Cir. 2005)). "The objective reasonableness of allegedly illegal conduct is assessed in light of the legal rules clearly established at the time it was taken." *Id.* (quoting *Salas v. Carpenter*, 980 F.2d 299, 310 (5th Cir. 1992)). "The defendant's acts are held to be objectively reasonable unless *all* reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the plaintiff's asserted constitutional or federal statutory right." *Id.* (citing *Cozzo v. Tangipahoa Parish Council*, 279 F.3d 273, 284 (5th Cir. 2002); *Thompson v. Upshur Cty.*, 245 F.3d 447, 457 (5th Cir. 2001)) (internal quotation marks omitted).

Defendant argues that Plaintiffs only allege limited facts against the officers collectively, with none alleged specifically towards the individual officers. Def.'s Br. 7-8, ECF No. 94. Defendant argues that Plaintiffs must plead specific facts against the individual officers in order to overcome the qualified immunity defense. Def.'s Br. 8, ECF No. 94. Defendant argues that Plaintiffs'

conclusory claims regarding the actions of one or more officers are not entitled to a presumption of truth. Def.'s Br. 8, ECF No. 94. Defendant argues that Plaintiffs failed to plead as to whether Clinton Peterson: (1) complied with the officers' demand to stop; (2) concealed his hands in his pockets; or (3) pointed a toy gun at the officers that was modified to appear as a real gun. Def.'s Br. 9, ECF No. 94. Therefore, Defendant argues that Plaintiffs failed to overcome his qualified immunity defense. Def.'s Br. 8, ECF No. 94. Plaintiffs argue in their opposition that no reasonable officer could have believed that the actions of the officers were lawful. Opp'n 5, ECF No. 98. Defendant argues in his reply that Plaintiffs' response asserts in a conclusory fashion that they pleaded a cause of action against Defendant, but the response fails to identify anything in the record showing that Plaintiffs addressed Defendant's qualified immunity pleading. Reply 5-6, ECF No. 100.

According to the facts in the Amended Complaint, Debra, the roommate of Clinton Peterson's sister believed that his presence posed a threat serious enough to make a 911 call. Am. Compl. 6, ECF No. 36. With this knowledge, the officers arrived at the scene and encountered an individual who was actively evading apprehension. Am. Compl. 7-8, ECF No. 36. "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Escobar*, 2016 WL 397087, at *5 (quoting *Rockwell v. Brown*, 664 F.3d 985, 991 (5th Cir. 2011); *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Although Plaintiffs contend that Clinton Peterson was merely attempting to get away, Plaintiffs failed to allege facts to show that a reasonable officer at the scene would know that he was unarmed and posed no danger to the community, given the fact that they were responding to a 911 call involving him. In construing the facts in a light most favorable to Plaintiffs, the undersigned concludes that Plaintiffs failed to allege facts that would show that "*all* reasonable

officials in the defendant's circumstances would have then known that the defendant's conduct violated the plaintiff's asserted constitutional or federal statutory right." *Id.* at *3. Therefore, Defendant's motion to dismiss should also be granted on this ground. *See id.* at *5 ("[T]he mere fact that Escobar was lying on the ground is an insufficient allegation of 'surrender.' This is especially the case given the circumstances-*i.e.*, that Escobar had fled from the police and had stated that [the] officers would have to kill him rather than catch him. And although Escobar contends that he dropped his weapon and was lying flat 'like a parachute man,' he does not contend that Officer Montee knew either of these facts before he decided to release [the canine]. . . . Accordingly, the court concludes that Escobar had failed to plead facts that show that Officer Montee acted unreasonably-and thus violated Escobar's constitutional rights-when he put [the canine] over the fence to apprehend Escobar. To the extent Escobar bases his § 1983 claim on these allegations, the court grants Officer Montee's motion to dismiss based on qualified immunity.").

## **Official Capacity Claim**

Defendant argues that Plaintiffs' official capacity claim is nothing more than a claim against the City of Duncanville and should be dismissed as redundant. Def.'s Br. 9, ECF No. 94. Plaintiffs' opposition does not address this argument. Opp'n, ECF No. 98. "When a plaintiff sues a county or municipal official in her official capacity, the county or municipality is liable for the resulting judgment and, accordingly, may control the litigation on behalf of the officer in her official capacity." *Bennett v. Pippin*, 74 F.3d 578, 584 (5th Cir. 1996). Since Plaintiffs already named the City of Duncanville as a party to this lawsuit, "'no purpose is served by allowing Plaintiffs' duplicative section 1983 official capacity claims against [Davies] to proceed.'" *Ezell v. Wells*, No. 2:15-CV-83-J, 2015 WL 4191751, at *14 (N.D. Tex. July 10, 2015) (quoting *Rivera v. City of San*

11

*Antonio*, No. SA-06-CA-235-XR, 2006 WL 3340908, at *6 (W.D. Tex. Nov. 15, 2006)). Therefore, any such duplicative Section 1983 claims against Defendant should be dismissed. *See id.* ("Accordingly, the Court grants Swisher County's Motion to Dismiss Plaintiffs' official capacity section 1983 claims against Judge Harold Keeter and Sheriff Burnie Wells. The Court will treat those official capacity claims as claims against Swisher County.").

### Melissa Peterson's Claims

Defendant argues that Melissa Peterson's claims against him should be dismissed because she lacks standing. Def.'s Br. 9, ECF No. 94. Defendant argues that the right to bring a Section 1983 claim is personal and does not accrue to a relative, and also that she is not within the class of persons with standing to bring a wrongful death claim under Texas law. Def.'s Br. 9-10, ECF No. 94. Plaintiffs failed to address this argument in their opposition. Pls.' Opp'n, ECF No. 98. With respect to Plaintiffs' federal claim, "[c]onstitutional standing requires that the plaintiff personally suffer[] some actual or threatened injury that can fairly be traced to the challenged action and is redressable by the courts." *Doe v. Tangipahoa Parish Sch. Bd.*, 494 F.3d 494, 496 (5th Cir. 2007). With respect to Plaintiffs' state law claim, such "[a]n action to recover damages . . . is for the exclusive benefit of the surviving spouse, children, and parents of the deceased." TEX. CIV. PRAC. & REM. CODE § 71.004. Therefore, the claims of Clinton Peterson's sister, Melissa Peterson against Defendant should be dismissed.

### State Law Claims

Defendant argues that Plaintiffs' state law claims cannot survive Section 101.106 of the Texas Civil Practices and Remedies Code. Def.'s Br. 10, ECF No. 94. This provision provides that "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the

employees shall immediately be dismissed on the filing of a motion by the governmental unit." TEX. CIV. PRAC. & REM. CODE § 101.106(e). Therefore, any Texas Tort Claims Act claim against Defendant should be dismissed as redundant. *See* Am. Compl. 14-15, ECF No. 36; *Cunningham v. City of Balch Springs*, No. 3:14-CV-9-L, 2014 WL 4851576, at *7 (N.D. Tex. Sept. 30, 2014) ("The Individual Defendants, as employees of the City, seek dismissal of Plaintiff's state law claims of false arrest and intentional infliction of emotional distress. Because Cunningham filed suit under the Act against the City and the Individual Defendants, the Individual Defendants as employees must be dismissed immediately once the governmental entity files a motion to dismiss. . . . As the City and the Individual Defendants have filed motions to dismiss, dismissal of these claims against the Individual Defendants is mandatory." (citing TEX. CIV. PRAC. & REM. CODE § 101.106(e))).

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the District Court **GRANT** Defendant's Motion to Dismiss [ECF No. 93].

**SO RECOMMENDED**, this 16 day of March, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

13

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).